UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JUSTIN C. SEO | ) | |
| 6595 Medinah Lane | ) | |
| Alexandria, VA 22312 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| NORTHSTAR PROPERTY | ) | **JURY TRIAL DEMANDED** |
| MANAGEMENT GROUP, LLC | ) | |
| Reg. Agent: | ) | |
| Rebecca Metzger | ) | |
| 1601 Village Market Blvd SE, #208 | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| REBECCA METZGER | ) | |
| 1601 Village Market Blvd SE, #208 | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NEIL METZGER | ) | |
| 1601 Village Market Blvd SE, #208 | ) | |
| Leesburg, VA 20175 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Justin C. Seo, by counsel, hereby complains against Defendants Northstar Property Management Group, LLC, Rebecca Metzger and Neil Metzger to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA")

## PARTIES

1.      Plaintiff Justin C. Seo is an adult resident of the Commonwealth of Virginia.

2.      Defendant Rebecca Metzger is an adult resident of the Commonwealth of Virginia and is the owner and operator of a restaurant trading as "Red Bar Sushi" located at 16 East Washington Street, Middleburg, VA 20117.  She is the spouse of Neil Metzger.

3.      Defendant Neil Metzger is an adult resident of the Commonwealth of Virginia and is the owner and operator of a restaurant trading as "Red Bar Sushi" located at 16 East Washington Street, Middleburg, VA 20117.  He is the spouse of Rebecca Metzger.

4.      Defendant Northstar Property Management Group, LLC, is a Virginia limited liability company owned and operated by Defendants Rebecca Metzger and Neil Metzger.

## JURISDICTION

5.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

6.      Defendants are in the business of owning and operating a sushi restaurant called Red Bar Sushi located at 16 East Washington Street, Middleburg, VA 20117.

7.      At all times relevant, Defendants were Plaintiff's supervisors, set Plaintiff's work schedule and hours, and determined Plaintiff's rate and method of pay.

8.      At all times relevant, Defendants were Plaintiffs' "employer" for purposes of the FLSA.

9.      At all times relevant, Defendants engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(l) of the FLSA (29 U.S.C. §203(s)(l)).

10.     At all times relevant, Defendants qualified as an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)).

11.      At all times relevant, Plaintiff was an individual employee and engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### CAUSE OF ACTION

12.     Plaintiff worked at the restaurant as a cook beginning in early March 2019 until the end of January 2020.

13.     During the course of his employment, his work schedule and pay remained consistent Plaintiff worked from 10:00 a.m. to 8:00 p.m., Monday through Thursday.  On Fridays and Saturdays, he worked later, until 9:30 p.m. He worked six days a week without exception; working on all holidays and all other days except Sunday, with the exception of Christmas Day, the 4th of July, and Labor Day.  Other than an hour break for lunch each day, Plaintiff never took a break lasting longer than twenty minutes.  He worked fifty-nine (59) hours each week.  He was paid $200.00 per day.  This means his weekly pay was $1,200.00 per week.  Accordingly, his effective hourly rate was $20.34 per hour.  He received no overtime premiums for his labor. Accordingly, he is owed $193.23 in unpaid overtime premiums for each week he worked ($20.34 x 19 hours x 0.5).  $300 a month was deducted from his wages for rent toward lodging, which was prepared for and arranged by the Defendants.

14.     Plaintiff's primary duty was cooking, and he did not spend a significant amount of time supervising others.

15.     Plaintiff did not actively manage the store while performing menial labor such as cooking meat.  In fact, during all times relevant, he was supervised by two other cooks at the restaurant.  29 C.F.R. §§ 541.00, 541.200, 541.300, 541.106, 541.700.

16.     And at all times herein, Plaintiff and other workers were supervised directly by the other cooks and the Defendants.

17.     Plaintiff was never left "in charge" of the store.

18.     Plaintiff was not afforded any significant input in hiring and firing decisions.  All such decisions were made by Defendants without Plaintiff's input.

19.     Plaintiff routinely worked more than forty (40) hours per week for which they were paid no overtime premiums at all.

20.     For the overtime hours worked each week by Plaintiff in excess of forty (40), Defendants paid only straight wages.

21.     At all times relevant, Defendants refused to pay the overtime to Plaintiff after directing Plaintiffs to work overtime.

22.     Defendants did not properly compensate the Plaintiff at the rate of one-and-one-half times their regular rate of pay for overtime hours worked each week in excess of forty (40).

23.     At no time did Plaintiff perform work that meets the definition of exempt work under the FLSA.

24.     At all times during Plaintiff's employment, Defendants explicitly and willfully misinformed Plaintiff that he was not entitled to be paid for overtime hours worked each week in excess of forty at the federally required overtime pay rate.

25.     Defendants deliberately misreported Plaintiff's earnings in order to conceal his hours.

26.     The absence of any FLSA notifications and the deliberate acts undertaken *supra.* prevented the plaintiffs from asserting their claims and thereby warrant a tolling of any statute of limitations applicable to their claims.

27.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees … for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half times the regular rate at which he is employed."

28.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's' (and others similarly situated) "employers" under FLSA, 29 U.S.C. § 207(a)(2).

29.     Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times their regular rate for all hours worked per week in excess of forty (40).

30.     Defendants have failed and refused, without legal excuse or justification, to compensate Plaintiff properly, and as required by the FLSA, for hours worked and for overtime hours worked each week in excess of forty (40) hours.

31.     Defendants did not attempt to accurately keep track of Plaintiff's hours.

32.     At all relevant times, Defendants had the power to fire Plaintiff.

33.     At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

34.     An employer who violates the FLSA overtime provision is ordinarily "liable to the employee or employees affected in the amount of their unpaid wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

35.     The award of liquidated damages is mandatory unless "the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

36. The FLSA "plainly envisions" that liquidated damages "are the norm" for violations of the FLSA. *Mayhew v. Wells,* 125 F.3d 216, 220 (4th Cir.1997).

37. The FLSA permits a trial court in its sound discretion to refuse or reduce an award of liquidated damages only where the employer demonstrates *both* good faith *and* reasonable grounds for believing that he was not acting in violation of FLSA. *See Clifton D. Mayhew, Inc. v. Wirtz,* 413 F.2d 658, 661-62 (4th Cir. 1969).

38. The Fourth Circuit has held that the test of the good faith requirement to excuse liability is an objective one and not a subjective one. *Id.*

39. Here, Defendants cannot demonstrate good faith and reasonable grounds for their failure to pay Plaintiff's overtime wages as required by the FLSA.

40. Defendants can point to no authority or good faith basis they relied upon for their failure to pay Plaintiff the wages at the FLSA required rate for overtime hours worked each week.

41. On information and belief, at all times during Plaintiff's employment, Defendants had actual knowledge of the FLSA overtime pay requirement.

42. On information and belief, at all times during Plaintiff's employment, Defendants had actual knowledge that each Plaintiff should have been paid one-and-one-half (1½) times their regular rate of pay for hours worked each week in excess of forty (40).

43. On information and belief, at all times during Plaintiff's employment, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of the FLSA's overtime pay requirement.

44. Defendants' failure and refusal to pay Plaintiff's the proper wages for overtime hours worked as required by the FLSA was willful and intentional and was not in good faith.

45.     The FLSA provides that a court "***shall***, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added).

46.     In contrast to other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to a prevailing plaintiff in an FLSA case is mandatory. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983).

47.     As a consequence of the foregoing, Plaintiff is entitled to recover their reasonable attorney's fees and costs associated with the prosecution of this case.

48.     This court has ruled that the Plaintiff's counsel's rate of $425.00 an hour "is within the range of reasonable rates approved in the Fourth Circuit" and has approved this rate in recent awards. *Jo-Ann Brown, et al. v. Transurban USA, Inc., et al.*, Case 1:15-cv-00494-JCC-MSN (September 29, 2016); *see also Riggle et al v. The Revolution Darts and Billiards-Centreville, LLC et al*, Case 1:17-cv-00792-CMH-IDD (March 30, 2018); *Aguilera v. Choi*, 1:18-cv-01231-CMH-JFA (January 23, 2019); *Allie v. Esprit Home Healthcare, LLC et al.*, 1:19-cv-00108-JFA (April 2, 2019); *Gonzalez et al v. Naylor*, 1:18-cv-01274-LMB-TCB (February 26, 2019); *Hernandez Caceres et al v. Sonny-N-Son's Painting, LLC et al.*, 1:18-cv-01427-MSN (August 19, 2019); *Orellana et al v. Freeman et al.*, 1:18-cv-01186-CMH-JFA (August 22, 2019); *Menacho et al v. K Power Construction, Inc. et al.*, 1:18-cv-01359-LO-IDD (October 16, 2019); and *Qasemy v. QUALITY MIDWESTERN HOLDINGS, INC. d/b/a/ QUALITY SERVICES MOVING et al.*, 1:19-cv-00809-CMH-JFA (September 8, 2020).

WHEREFORE, Defendants are liable to Plaintiff for all unpaid overtime wages and past due wages in such amounts as are proven at trial, plus an equal amount in liquidated damages,

interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any

other and further relief this Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Dated: August 2, 2021.

Respectfully Submitted,
Plaintiff
By Counsel

    /s/

Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email: matt@sutterandterpak.com
Counsel for Plaintiff