UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
VIRGINIA
Alexandria Division

| | |
|---|---|
| JUSTIN C. SEO, | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 1:21-cv-00886 (AJT/IDD) <br> ) |
| NORTHSTAR PROPERTY MANAGEMENT GROUP, LLC, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiff, Justin C. Seo's ("Plaintiff" or "Seo") Motion for Default Judgment ("Motion") against Defendants Northstar Property Management Group, LLC, Rebecca Metzger, and Neil Metzger ("Defendants"). Dkt. No. 10. After the Defendants failed to file an answer, plead, or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED**.

### I.  INTRODUCTION

On August 2, 2021, Plaintiff filed this action for unpaid wages under the Federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. (hereinafter "FLSA"). In his Complaint, Plaintiff seeks unpaid wages, liquidated damages, and reasonable attorney's fees

1

pursuant to the FLSA. Dkt. No. 1.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because the Complaint raises a federal question arising from allegations of a violation of the Fair Labor Standards Act, 29 U.S.C § 201, *et seq*. 28 U.S.C. § 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The FLSA, in turn, provides relief for any action to recover unpaid minimum or overtime wages. 29 U.S.C § 216(b). The FLSA also permits an award of liquidated damages, "in any federal or state court of competent jurisdiction." *Id.* Considering this action arises from a federal law of the United States, this court retains proper subject matter jurisdiction.

The Court has personal jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

Finally, venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### B. Service of Process

Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the court is located or where service is made. An individual may also be served by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(C). Furthermore, pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States in the manner prescribed in Rule 4(e)(1) for serving an individual, or by delivering

the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process and mailing a copy of each to the defendant.

On September 20, 2021, the summons and complaint were served upon Defendants Rebecca and Neil Metzger through the Secretary of the Commonwealth pursuant to Virginia Code § 8.01-329. On September 28, 2021, Plaintiff filed a return of service confirming that Defendants Rebecca and Neil Metzger were served through the Secretary of the Commonwealth. Dkt. Nos. 5-6. The Court also received a certificate of compliance from the Secretary of the Commonwealth on September 24, 2021, which reflected that the Secretary was served as Defendant Northstar Property Management Group's statutory agent. Dkt. No. 4. Therefore, the undersigned finds that service of process is proper in this action.

### C. Grounds for Default

Plaintiff filed his Complaint on August 2, 2021. Dkt. No. 1. Defendants' answers or other responses were due no later than October 19, 2021, and no answer or other response has been filed or served. Dkt. Nos. 4-6. On October 26, 2021, the Honorable United States District Judge Anthony J. Trenga, ordered Plaintiff to obtain a default from the Clerk of Court and file a motion for default judgment and accompanying memorandum in support of the motion. Dkt. No. 7. That same day, Plaintiff filed a Request for Entry of Default with the Clerk of the Court. Dkt. No. 8. On November 1, 2021, the Clerk entered default against all Defendants. Dkt. No. 9. On November 2, 2021, Plaintiff filed a Motion for Default Judgment and accompanying memorandum in support of his Motion. Dkt. No. 10. On December 3, 2021, the undersigned Magistrate Judge conducted a hearing on the matter. Dkt. No. 12. Defendant Neil Metzger appeared pro se. As a result, the undersigned continued the matter to February 4, 2022 and further ordered that in the event Defendant Metzger or any of the Defendants retained counsel, that counsel's notice of appearance was due by January 24, 2022 and any answer or responsive

3

pleading was due by January 31, 2022. Dkt. No. 18. On January 19, 2022, defendant Neil Metzger filed a Motion to Continue which the undersigned granted in part and denied in part. Dkt. No. 19. In that Order, the undersigned (1) extended Defendant's deadline to retain new counsel or notice pro se representation to January 25, 2022, (2) ordered that any answer to the Complaint would be due by February 28, 2022, and (3) continued the hearing on Plaintiff's Motion for Default Judgment to March 4, 2022. Dkt. No. 20. No counsel noticed an appearance on behalf of any Defendant and no answer or any other responsive pleading pleading to the Complaint was filed. Therefore, on March 4, 2022, the undersigned Magistrate Judge presided over the hearing on Plaintiff's Motion for Default Judgment. Dkt. No. 24. None of the defendants appeared at the hearing. *Id.* Accordingly, the undersigned took this matter under advisement to issue this Report and Recommendation. *Id.*

## II.    EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."

*Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.     FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Defendants own and operate Red Bar Sushi, a sushi restaurant located in Middleburg, Virginia. Compl. ¶ 6. At all times relevant to this action, Defendants were Plaintiff's "employer" for purposes of the FLSA, set Plaintiff's work schedule, and determined his rate and method of pay. *Id.* ¶¶ 7-8. Defendants engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(l) of the FLSA (29 U.S.C. §203(s)(l)) and qualified as an "enterprise within the meaning of §3(r) of the FLSA (29 U.S.C. §203(r)). *Id.* ¶¶ 9-10. Plaintiff was an individual employee and engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *Id.* ¶ 11.

From March 2019 to January 2020, Plaintiff worked at Red Bar Sushi as a cook. *Id.* ¶ 12. During Plaintiff's employment, his work schedule and pay remained consistent, working from

from 10:00 a.m. to 8:00 p.m., Monday through Thursday. *Id.* ¶ 13. On Fridays and Saturdays, he worked until 9:30 p.m. Plaintiff worked six days a week without exception, working on all holidays and all other days except Sunday, Christmas Day, the 4th of July, and Labor Day. *Id.* Other than an hour break for lunch each day, Plaintiff never took a break lasting longer than twenty minutes. *Id.* He worked fifty-nine (59) hours each week. *Id.* He was paid $200.00 per day, meaning his weekly pay was $1,200.00 per week. *Id.* Accordingly, his effective hourly rate was $20.34 per hour, and he received no overtime premiums for his labor. *Id.* Plaintiff is owed $579.69 in unpaid overtime premiums for each week he worked ($20.34 x 19 hours x 1.5). *Id.* Three hundred dollars ($300) a month was deducted from his wages for rent, which was arranged by the Defendants. *Id.* Plaintiff's primary duty was cooking, and he did not spend a significant amount of time supervising others. *Id.* ¶ 14. In addition, Plaintiff did not actively manage the store while performing menial labor such as cooking meat. *Id.* ¶ 15. During all times relevant, he was supervised by the Defendants and two other cooks at the restaurant. 29 C.F.R. §§ 541.00, 541.200, 541.300, 541.106, 541.700. *Id.* ¶¶ 15-16. Plaintiff was never left "in charge" of the store nor afforded any significant input in hiring and firing decisions. *Id.* ¶¶ 17-18. Plaintiff routinely worked more than forty (40) hours per week for which he was paid no overtime premiums at all. *Id.* ¶ 19. In that regard, for the overtime hours worked each week by Plaintiff in excess of forty (40) hours, Defendants paid only straight wages. *Id.* ¶ 20.

      Defendants refused to pay overtime to Plaintiff after directing Plaintiff to work overtime. *Id.* ¶ 21. Moreover, Defendants did not properly compensate the Plaintiff at the rate of 1.5 times his regular rate of pay for overtime hours worked each week in excess of forty (40) hours. *Id.* ¶ 22. At no time did Plaintiff perform work that meets the definition of exempt work under the FLSA. *Id.* ¶ 23. During Plaintiff's employment, Defendants explicitly misinformed Plaintiff that he was not entitled to be paid for overtime hours worked each week in excess of forty hours at the federally required overtime pay rate. *Id.* ¶ 24.

### A.   Unpaid Overtime Wages

In order to establish a violation of the FLSA for non-payment of overtime hours, a plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff worked over forty hours per work week; (4) the plaintiff was not compensated at a rate of 1.5 times his regular rate for each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 apply to the plaintiff's position.  *See* 29 U.S.C. § 207.

Here, the facts set forth in the Complaint, in conjunction with the affidavit of Plaintiff, establish that Plaintiff was employed by Defendants from March 2019 until January 2020, serving as a sushi cook. (Dkt. No. 10-1; Seo Aff. ¶ 2.) By serving as a sushi cook for Defendants, Plaintiff was engaged in commerce or the production of goods for commerce. *Id.* Plaintiff executed an affidavit depicting that he worked a total of fifty-nine (59) hours per week at an hourly rate of $20.34. The affidavit notes that he did not receive overtime pay for the nineteen (19) hours he worked above forty (40). *Id.* The Plaintiff was not compensated at a rate of 1.5 times his regular rate of $20.34 because Plaintiff constantly received $1,200 per week, rather than $1,393.23 per week. *Id.*  Finally, none of the exceptions provided in FLSA apply to this case.  Based on his affidavit, he is owed $8,502.12 in unpaid overtime wages. *Id.* Since Defendants have failed to answer the Complaint and deny these allegations, they are accepted as true.  Accordingly, the undersigned Magistrate Judge finds that the Plaintiff has adequately stated a claim upon which relief can be granted and appropriately sought judgment under a validly enforceable federal statute.

### B.   Liquidated Damages

In FLSA cases, employees are routinely awarded an amount of liquidated damages equal to the unpaid wages.  29 U.S.C. § 216(b); *see also Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118

8

(4th Cir. 1985). An employer may attempt to show that the violation of the FLSA was in good faith in an effort to avoid payment of the liquidated amount. In this case, Defendants have failed to appear and present any defense to Plaintiff's claims of willful violations of the FLSA. Accordingly, an award of liquidated damages equal to the unpaid wages is appropriate. Thus, Plaintiff is owed liquidated damages in an amount equal to unpaid wages of $8,502.12 as well for a total judgment award of $17,004.24 against Defendants for FLSA violations. Dkt. No. 10 ¶ 8.

### C.   Attorney's Fees and Costs

Lastly, Plaintiff seeks $8,088.00 in attorney's fees and costs ($6,885.00 in attorney's fees and $1,203.00 in costs). In support of this request, Plaintiff submitted the Affidavit of Mr. Matthew T. Sutter, Esq., attorney for Plaintiff (Dkt. No. 10-2.), depicting a detailed report of attorney's fees and costs incurred in this action. The total time spent by counsel on this matter was 16.2 hours at an hourly rate of $425.00. *Id.* Having reviewed the supporting documentation, the undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District for like matters for attorneys with similar experience. The undersigned also finds the number of billable hours spent on the case to be reasonable. Therefore, the undersigned Magistrate Judge recommends an award of $8,088.00 in attorney's fees and costs.

### IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiff, Justin C. Seo, against Defendants Northstar Property Management Group, LLC, Rebecca Metzger, and Neil Metzger. In sum, Plaintiffs are entitled to damages in the amount of $25,092.24 as follows: (a) $8,502.12 in unpaid overtime wages; (b) $8,502.12 in liquidated damages; and (c) costs in the amount of $1,203.00 and attorney's fees in the amount of $6,885.00.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

> Neil Metzger
> Rebecca Metzger
> Northstar Property Management Group
> LLC 1601 Village Market Blvd, SE #208
> Leesburg, VA 20175
>
> Neil Metzger
> Rebecca Metzger
> Northstar Property Management Group
> LLC 16 East Washington Street
> Middleburg, VA 20117
>
> Neil Metzger
> Rebecca Metzger
> Northstar Property Management Group
> LLC 14502 Feney Court

August 26, 2022

Alexandria, Virginia

/s/ Ivan D. Davis
_____
Ivan D. Davis
United States Magistrate Judge